IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HILTON LAWRENCE BROWN, | ) | |
| ID # B51265, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:07-CV-0029-N (BH) |
| | ) | ECF |
| AMERICAN BAR ASSOCIATION, et al., | ) | Referred to U.S. Magistrate Judge |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, a state inmate confined in the California prison system, filed the instant civil action against various defendants. He has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court has not issued process in this case.

### II. THREE STRIKES

To proceed in federal court, a litigant must either pay the requisite filing fee or seek leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, any request for leave to proceed *in forma pauperis* by him is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

>  or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of fees, if they have previously brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision. On at least three prior occasions, plaintiff has had a prisoner civil action or appeal dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Brown v. Garcia*, No. 3:04-4242-THE (N.D. Cal. Oct. 14, 2004) (order denying *in forma pauperis* due to three strikes and dismissing action); *Brown v. Pelican Bay State Institution*, No. C 99-1840 THE (N.D. Cal. Apr. 21, 1999) (same).[1] Consequently, plaintiff may not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless it appears that he is subject to imminent danger of serious physical injury.

Plaintiff commenced this action by filing a conglomeration of numerous documents from which his allegations must be discerned. He therein made no allegation that he is in any imminent danger. Contemporaneously with the filing of his request to proceed *in forma pauperis*, plaintiff also filed apparent supplemental documents which likewise contain no allegation of imminent danger, except for an unsupported, conclusory statement of "Imminent danger of injury" written on a "Civil

---

[1] The Northern District of California relied on the following actions to find plaintiff barred by the three-strikes provision: *Brown v. Bureau of Prisons*, C 94-1363 BAC (order of dismissal, May 19, 1994); *Brown v. Marshall*, C 94-3942 DLJ (order of dismissal, Mar. 20, 1995); *Brown v. Cambra*, C 96-429 DLJ (order of dismissal, Oct. 24, 1996); *Brown v. Gomez*, C 96-728 DLJ (order of dismissal, Aug. 26, 1996). The Court notes, furthermore, that a search of the U.S. Party/Case Index reveals eighty-six actions filed by Hilton Lawrence Brown and three actions filed by Hilton L. Brown.

Cover Sheet" provided with such supplemental documents. Such conclusory statement does not suffice to escape the three strikes bar presented by 28 U.S.C. § 1915(g). Because plaintiff is barred by the three strikes provision from pursuing this action *in forma pauperis* and because he has not paid the filing fee for this action, plaintiff's complaint is subject to summary dismissal.

Based upon plaintiff's litigation history, summary dismissal of the instant action is appropriate. Plaintiff is well aware that prisoners may not file civil actions *in forma pauperis* when they are barred from doing so under the three-strikes provision. In light of such information, the Court may dismiss the instant action without prejudice to its refiling with advance payment of the full $350.00 filing fee.

### III.  RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** plaintiff's motion to proceed *in forma pauperis*. It is further **RECOMMENDED** that the Court summarily **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless movant pays the $350.00 filing fee prior to acceptance of this recommendation.

**SIGNED this 6th day of April, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE